## FEDERAL PUBLIC DEFENDER
### EASTERN DISTRICT OF MISSOURI

**NANCI H. McCARTHY**
FEDERAL PUBLIC DEFENDER

1010 Market St.
Suite 200
St. Louis, MO 63101

**ANDREW J. CORTOPASSI**
ASSISTANT FEDERAL DEFENDER

(314) 241-1255
FAX: (314) 421-3177

March 02, 2026

Mr. Mohsen P. K. Pasha, AUSA
United States Attorney's Office
Thomas F. Eagleton U.S. Courthouse
111 South 10th St., Room 20.222
St. Louis, Missouri 63102

> **RE:**   ***U.S.A. v. Travis Russell***
> ***No. 4:26CR0077 JMD-RHH***

Dear Mr. Pasha:

In accordance with Fed. R. Crim. P. 16 and 12, as well as the controlling case law concerning discovery, the Court's local rules, and the Order signed by the Magistrate Judge, Defendant requests pretrial disclosure of the following evidence and information:

1. Any and all written or recorded statements made by Defendant, and the substance of any oral statement made by Defendant.

2. Any and all written or recorded statements made by co-defendants and coconspirators (named and unnamed), and the substance of any oral statement made by co-defendants and co-conspirators (named and unnamed).

3. Grand jury testimony of any defendant relating to the offenses charged.

4. For testimony that the government intends to use at trial under Fed. R. Evid.702, 703, or 705, all expert witness disclosures required under Fed. R. Crim. P. 16.

5. Any books, papers, documents, data, photographs, tangible objects, vehicles, buildings, or places which are material to the preparation of Defendant's defense, which the government intends to use as evidence at trial, or which were used, obtained, or belonged to Defendant.

6. The results or reports of physical or mental examinations, and of scientific tests or experiments, made in connection with this case, which are material to Defendant's defense or are intended for use at trial. This includes digital forensic examinations of electronic devices (e.g., Cellebrite/GrayKey extractions), forensic images, hash values, software/tool versions, chain-of custody, bench notes, calibration records, proficiency tests, and any machinegenerated outputs (e.g., NIBIN, ballistics, and probabilistic genotyping).

7. All information and material which may be favorable to Defendant on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963) and United States v. Agurs, 427 U.S. 97 (1976).

Mr. Mohsen P. K. Pasha, AUSA                                          March 02, 2026
*RE:  U.S.A. v. Travis Russell*

8.  The existence and substance of any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, as well as any and all material evidence affecting the credibility of any witness whose reliability may be determinative of Defendant's guilt or innocence, within the scope of United States v. Giglio, 405 U.S. 150 (1972) and Napue v. Illinois, 360 U.S. 264 (1959).

9.  The identity of any co-defendant who has entered into an agreement to plead guilty and who will be a cooperating witness in this case, along with the agreement that they made with the United States Attorney's Office and the substance of what their testimony will be as it concerns Defendant.

10. The arrest and prior conviction records of Defendant and any informant, cooperating individual, or witness who will testify for the government at trial. This request includes law enforcement witnesses.

11. The nature and extent of consideration offered by the government or its agents, or sought by the government or its agents, on behalf of any informant herein in return for his or her cooperation and assistance, including:

   A.  the identity and existing statements of any confidential informant who may be called upon to testify in this case;

   B.  any and all representations, promises, or other considerations offered by the government, its cooperating agencies, or its agents to said informants concerning alleged violations of said informants of federal, state, or local laws;

   C.  the precise nature of any monetary consideration offered or promised to said informants, including a listing of funds paid to or on behalf of said informants by the government, its agents, or cooperating agencies;

   D.  any and all promises of assistance offered to said informants relating to the disposition of known or potential criminal charges, state or federal, or the nature and extent of incarceration or conditions thereof;

   E.  any other promises, inducement, or consideration offered to said informants in exchange for their cooperation, assistance, information, or testimony; and

   F.  any record maintained by the government showing the arrest and conviction record of the confidential informant.

12. Any rough notes taken by law enforcement agents. This request includes a request to preserve any such notes.

13. Within ten (10) days of this request (and in any event sufficiently in advance of trial), notice of the government's intention to introduce evidence under Fed. R. Evid. 404(b), the permitted purpose of such evidence, the reasoning that supports that purpose, and the government's theory of admissibility.

14. Grand jury testimony of all witnesses who will testify for the government at trial.

15. Copies of all latent fingerprints or palm prints which have been identified by the government as those of Defendant.

Mr. Mohsen P. K. Pasha, AUSA                                              March 02, 2026
*RE:  U.S.A. v. Travis Russell*

16.    Copies of all handwriting exemplars which have been identified by the government as those of Defendant.

17.    All things, objects, books, or records that were seized in this case in order for the Defendant to determine whether he has the standing to file a motion to suppress.

18.    With regard to any hearsay statement or statement defined in Rule 801(d)(2)(C), (D), or (E) which the government intends to introduce at trial, all information regarding the declarant's prior convictions and criminal records, any inconsistent statements made by the declarant, any information regarding bias or motive on behalf of the declarant, and any information as to the opinion of others with regard to the declarant and the declarant's reputation.

19.    Records of any devices used to record telephone numbers dialed from a particular phone, including pen registers, traps, and tracers, and any recordings obtained or intercepted via wiretap.

20.    Copies of all search warrants, arrest warrants, pen-register/trap-and-trace orders, electronic surveillance orders, and supporting affidavits, applications, returns, inventories, reports, and sealing orders. This request includes identification of any geofence or reverse-location/keyword warrants and the associated data produced.

21.    Copies of any records obtained from third parties (carriers, ISPs, email/cloud providers, financial institutions, hotels, social-media platforms, etc.), together with the legal process used (grand jury subpoena, administrative subpoena, consent, court order, etc.) and any provider certifications.

22.    All surveillance and Real-Time Crime Center (RTCC) materials related to Defendant, including:

   A.    Any data (including metadata) from an IMSI catcher/cell-site simulator;

   B.    Any GPS or other digital/electronic location information;

   C.    Any RTCC use, including automated license plate reader (ALPR) scans and queries;

   D.    Any privately obtained video, audio, or stills used or reviewed by law enforcement;

   E.    Any audio/visual recordings from police vehicles, stations, detention locations, and all body-worn camera footage and audit logs;

   F.    Any recorded radio or digital communications between officers, dispatch, or RTCC;

   G.    Any aerial or drone surveillance, flight logs, and video;

   H.    Any facial recognition or biometric searches (e.g., DMV, Clearview), including  system used, candidate lists, confidence scores, and analyst notes; and

   I .    Any ShotSpotter (or similar acoustic) incident files, underlying audio, analyst notes, and QA records.

3

Mr. Mohsen P. K. Pasha, AUSA                                    March 02, 2026
*RE:  U.S.A. v. Travis Russell*

23.   Audio recordings of any and all 911 or other emergency dispatch services calls made in connection with this case.

24.   Any recorded communications of Defendant while in custody (e.g., jail phone calls, monitored emails/messages), and any recorded custodial calls of government witnesses or informants relevant to this case.

25.   Written notice of any evidence or statements that the government intends to use in its case-in-chief.

26.   With respect to artificial intelligence (AI) and data systems:

   A.   Any AI, machine learning, facial recognition, or automated data analysis systems used in the investigation of Defendant, including Axon Draft One, Axon Fusus, Evidence.com, Palantir, LexisNexis Accurint, LexisNexis Babel Street, Coinbase Analytics, CellHawk, Airship, FINDER, Spokeo, CargoNet, and TRAC;

   B.   All raw data, inputs, or records ingested into any such systems that generated leads, alerts, or evidence in this case;

   C.   All system outputs (including alerts, search results, maps, link charts, acoustic detections, transaction traces, and other analytics) concerning Defendant;

   D.   Any human analyst notes, reports, or summaries derived from such system outputs;

   E.   Any internal audits, quality control reports, or performance monitoring records concerning the reliability of these systems, including any documented false positive or false negative incidents;

   F.   Any disclosure or limitation policies concerning courtroom use of evidence derived from AI; and

   G.   Any material tending to impeach the reliability of AI system outputs or undermine the credibility of agents or vendors who relied on such systems, including vendor bulletins acknowledging limitations or errors.

27.   With respect to AI-assisted reports:

   A.   A list of every police report, supplement, narrative, or field note that was generated (in whole or in part) by an AI system, and copies of such documents;

   B.   For any such document, identification of which portions were AIgenerated and which were authored or edited by a human;

   C.   Any agency or department policy regarding the use of AI tools for report writing, including requirements for human review or editing;

5

Mr. Mohsen P. K. Pasha, AUSA                                                    March 02, 2026
*RE:  U.S.A. v. Travis Russell*

> D.  Any AI drafts or intermediate versions of documents, or if no such drafts exist because of the system's design, a certification to that effect and production of any data retention policy;
>
> E.  For any body-worn camera footage or audio that was used as an input to an AI tool, the full original footage or audio, any transcripts generated, and any AI-assisted outputs created from that input; and
>
> F.  Any known errors, limitations, or issues reported by the AI vendor or agency regarding the use of such systems.

28.  Any information reflecting on the credibility, bias, or performance of any law enforcement officer or agent who will testify or whose work is relied upon, including sustained findings of untruthfulness, Brady list designations, or other impeachment material.

This request invokes all disclosure obligations under Rule 16, Brady, Giglio, Jencks (18 U.S.C. § 3500), and any other applicable law. If any item is required to be disclosed—even if not listed above—consider this a specific request. This request is continuing under Fed. R. Crim. P. 16(c).

If discovery is produced electronically, please provide it in a reasonably usable, searchable format with Bates labeling and an index identifying contents and sources, consistent with Fed. R. Crim. P. 16 and DOJ guidance on electronic discovery.

If a discoverable item cannot be provided to Defendant (e.g., alleged contraband or any vehicle, vessel, or aircraft allegedly used in the commission of any charged offense), Defendant requests reasonable access to any such item. Defendant may also request delivery (to a qualified chemist selected by the defense) of a representative sample of any alleged contraband to allow independent chemical analysis.

Thank you for your anticipated cooperation with these requests.

Sincerely,

Nanci H. McCarthy
Federal Public Defender

s/ Andrew J. Cortopassi
Andrew J. Cortopassi
Assistant Federal Public Defender