UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:26-cr-00077-JMD |
| | ) | |
| TRAVIS RUSSELL, | ) | |
| | ) | |
| Defendant. | ) | |

## GUILTY PLEA AGREEMENT

Come now the parties and hereby agree as follows:

### 1.   PARTIES

The parties are the defendant Travis Russell, represented by defense counsel Andrew Cortopassi, and the United States of America (hereinafter "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

### 2.   GUILTY PLEA

Under Rule 11(c)(1)(A) and (B), Federal Rules of Criminal Procedure, in exchange for the defendant's voluntary plea of guilty to the lesser included offense in Count I of the charge (the lesser included offense being possession of actual methamphetamine with intent to distribute), the Government agrees that no further federal prosecution will be brought in this District relative to (a) the defendant's distribution of controlled substances on November 14 and 16, 2024, and December 8 and 17, 2024 (all uncharged), and (b) the defendant's

1

possession of actual methamphetamine with intent to distribute on January 14, 2025 (charged in Count I), of which the Government is aware at this time. In addition, the Government agrees to not seek statutory enhancement of defendant's sentence by filing an information under 21 U.S.C. § 851(a).

In addition, the parties agree that the U.S. Sentencing Guidelines Total Offense Level analysis agreed to by the parties herein is the result of negotiation and led, in part, to the guilty plea. Further, as a result of the parties' negotiation, the government agrees that at the time of sentencing, it will recommend a sentence of not more than 120 months' imprisonment, regardless of whether such sentence is accomplished via a guideline-range sentence or by means of a variance from the guideline range. The defendant is free to request any sentence he deems appropriate. The defendant understands that the Court is not bound by these recommendations.

The defendant also agrees, pursuant to the guilty plea to the lesser included offense in Count I, to forfeit to the United States all property subject to forfeiture under the applicable statute(s), including but not limited to: one Apple iPhone 16e with IMEI 1: 356312632437546, IMEI 2 356312632613575, and IMSI: 310280180634249.

3. **ELEMENTS**

As to the lesser included offense in Count I, the defendant admits to knowingly violating 21 U.S.C. § 841(a)(1), and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

*One*, the defendant was in possession of actual methamphetamine, a Schedule II controlled substance;

*Two*, the defendant knew that he was in possession of a controlled substance; and

2

*Three,* the defendant intended to distribute some or all of the actual methamphetamine to another person.

4.    <u>FACTS</u>

The parties agree that the facts in this case are as follows and that the Government would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

In late 2024, a confidential source (CS) identified the defendant, Travis Russell, as a methamphetamine distributor in the Dent County, Missouri area. The CS added that the defendant travels to Kansas City from Dent County to purchase methamphetamine.

The investigative team then conducted four controlled purchases of methamphetamine from the defendant on his property in Dent County. The drugs seized from the first two controlled purchases were not lab tested. The third controlled purchase occurred on December 8, 2024, resulting in the seizure of what lab testing confirmed to be 51 grams of actual methamphetamine. The fourth controlled purchase occurred on December 17, 2024, resulting in the seizure of what lab testing confirmed to be 54.31 grams of actual methamphetamine.

On December 18, 2024, the investigative team obtained a precision location warrant (PLW) on the defendant's phone. On January 14, 2025, an investigator monitoring the location data obtained through the PLW saw that the phone had travelled early that morning from Dent County to Kansas City and appeared to be returning to Dent County on the same route. Based on the data, the investigator believed that the defendant had picked up drugs from Kansas City and was returning them to Dent County. Thus, the investigator requested that local law enforcement in Dent County attempt to locate the defendant.

3

A local officer soon spotted a vehicle in which the defendant was potentially a passenger. The officer conducted a traffic stop after noticing that the vehicle had an expired license plate. As the vehicle was stopping, the officer observed the male passenger frantically reach around inside the vehicle. The officer approached the vehicle and determined that the male passenger was the defendant and that the driver was a woman, D.H.

After the defendant and D.H. gave inconsistent answers to questions regarding their travel and after a canine alerted to the presence of narcotics in the vehicle, the officer searched the vehicle and located behind the driver's seat what lab testing later confirmed to be 1,851.6 grams of actual methamphetamine. Expert testimony in the event of trial would establish that this drug amount is inconsistent with an amount possessed purely for personal use, and instead, is consistent with amounts possessed for distribution. The defendant later admitted that he distributed methamphetamine and that he purchased the methamphetamine found in the vehicle in Kansas City.

Based upon the known evidence, the parties agree that the defendant is accountable for 1,956.91 grams of actual methamphetamine.

## 5.   STATUTORY PENALTIES

As to the lesser included offense in Count I, the defendant fully understands that the maximum possible penalty provided by law for the crime to which the defendant is pleading guilty is imprisonment of not more than twenty years, a fine of not more than $1,000,000, or both such imprisonment and fine. The Court shall also impose a period of supervised release of not less than three years. In the event defendant is subject to any undischarged or anticipated term of imprisonment imposed by any court, defendant has been apprised by counsel that the sentence imposed in this case may be imposed consecutively to the undischarged or anticipated term of imprisonment.

4

6. **U.S. SENTENCING GUIDELINES (2025 MANUAL)**

The defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that the following U.S. Sentencing Guidelines Total Offense Level provisions apply.

a. **Chapter 2 Offense Conduct:**

(1) **Base Offense Level:**

(A) **Drug Quantity:** The parties agree that the base offense level is 36, as found in Section 2D1.1(c)(2). The parties agree that the quantity of actual methamphetamine for which the defendant is accountable, including relevant conduct, is at least 1.5 kilograms but less than 4.5 kilograms, resulting in the agreed Base Offense Level.

(B) **Career Offender Provision:** Depending on the underlying offense and the defendant's criminal history, the defendant could be a Career Offender udner Section 4B1.1. **The parties anticipate that the defendant may be found to be a Career Offender under Section 4B1.1.** If the Court finds the defendant is a Career Offender, the Total Offense Level may be higher and the Criminal History Category may be as high as Category VI. The defendant has discussed these possibilities with defense counsel. Both parties reserve the right to argue that the defendant is or is not a Career Offender.

(2) **Specific Offense Characteristics:** The parties agree that the following Specific Offense Characteristics apply: None.

b. **Chapter 3 Adjustments:**

5

(1) <u>**Acceptance of Responsibility**</u>: The parties recommend that two levels should be deducted pursuant to U.S.S.G. § 3E1.1(a) because Defendant has clearly demonstrated acceptance of responsibility. If this deduction is applied, and if Defendant is otherwise eligible, then the Government moves to deduct one additional level pursuant to U.S.S.G. § 3E1.1(b), because Defendant timely notified authorities of the intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently. The parties agree that the defendant's eligibility for this deduction is based upon information presently known. If the Government subsequently receives new evidence of statements or conduct by the defendant which it believes are inconsistent with defendant's eligibility for this deduction—including any violation of this agreement—the Government may present said evidence to the Court and argue that the defendant should not receive all or part of the deduction pursuant to Section 3E1.1 without violating the plea agreement.

c. <u>**Other Adjustment(s)/Disputed Adjustments**</u>: The parties have no further agreement regarding any other adjustments.

d. <u>**Estimated Total Offense Level**</u>: The parties estimate that the Total Offense Level is 33. Depending on the underlying offense and the defendant's criminal history, the defendant could be a Career Offender pursuant to Section 4B1.1. If the defendant is found to be a Career Offender, the parties estimate that his Total Offense Level will be also be 33 and his Criminal History Category will be VI.

e. <u>**Criminal History**</u>: The determination of the defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the

6

applicable category. The defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

   **f. Effect of Parties' U.S. Sentencing Guidelines Analysis:** The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein, and the parties shall not be permitted to withdraw from the plea agreement. The Government recognizes it is bound by the specific agreements made herein but reserves the right to answer any questions the U.S. Probation Office or the Court might have related to sentencing or present evidence at the Court's request.

**7.   WAIVER OF APPEAL AND POST-CONVICTION RIGHTS**

   **a.   Appeal:** The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

      **(1) Non-Sentencing Issues:** The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery, and the guilty plea.

      **(2) Sentencing Issues:** The parties agree to waive the right to appeal all sentencing issues, provided that the Court sentences the defendant to 120 months' imprisonment or below. If the sentence is above 120 months' imprisonment, the defendant reserves the right to appeal only sentencing issues related to: (1) application of Sentencing Guideline offense-level adjustments (including those based on criminal history) not specifically set forth in the plea agreement or non-application of adjustments specifically set

7

forth in the agreement; (2) calculation of the defendant's criminal history category; or (3) substantive reasonableness.

b. **Habeas Corpus**: The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

c. **Right to Records**: The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

8. **OTHER**

a. **Disclosures Required by the United States Probation Office**: The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the Government.

b. **Civil or Administrative Actions not Barred; Effect on Other Government Agencies**: Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation, or administrative action against the defendant.

c. **Supervised Release**: Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime defendant committed. These conditions will be restrictions on the defendant to which the defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment

8

equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. The defendant understands that parole has been abolished.

**d. Mandatory Special Assessment:** Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $100, which the defendant agrees to pay at the time of sentencing. Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

**e. Possibility of Detention:** The defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

**f. Fines and Costs of Incarceration and Supervision:** The Court may impose a fine, costs of incarceration and costs of supervision. The defendant agrees that any fine imposed by the Court will be due and payable immediately.

**g. Forfeiture:** The defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States. The defendant agrees to abandon his interest in all seized items and further agrees that said items may be disposed of or destroyed by law enforcement officials in any manner without further notice. By abandoning these items, the defendant waives any future rights to receive additional notice, a valuation of the items, or the opportunity to submit a claim to contest the disposition or destruction of the items that may exist under any policies or procedures of the seizing agency(ies).

The defendant agrees the stipulated facts above are sufficient to support forfeiture of certain assets pursuant to the applicable forfeiture authorities. Defendant specifically agrees

9

to the forfeiture of the following: one Apple iPhone 16e with IMEI 1: 356312632437546, IMEI 2 356312632613575, and IMSI: 310280180634249.The defendant consents that the Court may enter a consent preliminary order of forfeiture any time before sentencing, and such Order will become final as to the defendant when it is issued and will be part of the sentence. The defendant agrees not to object to any administrative, civil, or criminal forfeiture brought against any assets subject to forfeiture. The defendant will execute any documents and take all steps needed to transfer title or ownership of said assets to the Government and/or to rebut the claims of nominees and/or alleged third party owners. The defendant knowingly and intelligently waives all constitutional, statutory, and equitable challenges to any forfeiture carried out in accordance with this plea agreement, including but not limited to that defendant was not given adequate notice of forfeiture in the charging instrument.

## 9.    ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS

In pleading guilty, the defendant acknowledges, fully understands and, hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the Government to prove the elements of the offenses charged against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; and the right to testify and present evidence and the right to compel the attendance of witnesses. The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The defendant's counsel has explained these rights and the consequences of the waiver of these rights. The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the Government's evidence and discussed the Government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the Government's case and any defenses.

If the defendant is not a U.S. citizen, the guilty plea could impact the defendant's immigration status or result in deportation. In particular, if any crime to which the defendant is pleading guilty is an "aggravated felony" as defined by Title 8, United States Code, Section 1101(a)(43), removal or deportation is presumed mandatory. Defense counsel has advised the defendant of the possible immigration consequences, including deportation, resulting from the plea.

## 10.  VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT

This document constitutes the entire agreement between the defendant and the Government, and no other promises or inducements have been made, directly or indirectly, by any agent of the Government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

11

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

## 11. CONSEQUENCES OF POST-PLEA MISCONDUCT

After pleading guilty and before sentencing, if the defendant commits any crime other than minor traffic offenses, violates any conditions of release that results in revocation, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office, or fails to appear for sentencing, the Government, at its option, may be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

## 12.  NO RIGHT TO WITHDRAW GUILTY PLEA

Pursuant to Federal Rule of Criminal Procedure 11(c) and (d), the defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the Government agrees to dismiss or not to bring.


07/07/2026

Date

_/s/ Mohsen Pasha_

MOHSEN PASHA
Assistant United States Attorney


7/29/26

Date

TRAVIS RUSSELL
Defendant


7/29/26

Date

ANDREW CORTOPASSI
Attorney for Defendant

13